UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x

In Re                                          Chapter 11
                                               Case No.8-19-77579-reg

REGENSBURG HOLDING CORP.


                        Debtor
----------------------------------------------------x

## OBJECTION TO MOTION OF HARRISON VICKERS & WATERMAN LLC

JEFFREY ARLEN SPINNER, an attorney duly admitted to practice law before the Courts of the State of New York and the United States District Court for the Eastern District of New York affirms as follows, under penalty of perjury:

1. I am the attorney of record for the Debtor REGENSBURG HOLDING CORP. in this Chapter 11 proceeding and I submit this Affirmation in opposition to the Movant's application.

2. I make this Affirmation based solely upon my review of documentation provided to me by the Debtor's principal officer Charles R. Regensburg Jr., my review of publicly filed documents in this case as well as discussions had with Mr. Regensburg and others who possess actual knowledge of the facts and circumstances. Any statements made herein that are believed to be true but are not based upon my actual knowledge are set forth as based upon my information and belief.

3. Since the filing of this Petition, I have experienced a great deal of difficulty in meeting with the Debtor's principal officer due to myriad and unforeseen factors, primary amongst them both that Mr. Regensburg was recently the victim of a very serious automobile accident and that Mr. Regensburg is engaged as a caregiver for an immediate family member who is presently afflicted with end stage cancer and is very near the end of her natural life.

4. Mr. Regensburg has stated that the Debtor intends to files its Schedules, a Plan of Reorganization and all other required documentation as soon as possible.

5. Prior to the filing of the present petition for relief, the Debtor had applied for private equity refinancing in order to fully repay all of its secured creditors. Upon information and belief, the Debtor's refinance application is pending with KP Visions Ltd. and KPMT Funding, located at 1 Old Country Road in Carle Place, New York. The Debtor has been led to understand that a Letter of Intent will be forthcoming shortly, following a review of an appraisal report which is dated December 16, 2019 (see Paragraph 9, below).

6.  This Chapter 11 proceeding is a single asset real estate filing which concerns a parcel of commercial real property commonly known as 251 Majors Path, Southampton, New York. The Debtor's primary objective in filing for relief was to obtain sufficient time in which to conclude the pending refinance transaction, which upon consummation will fully inure to the benefit of both the Debtor and its creditors.

7.  According to Mr. Regensburg, the Debtor verily believes that the Movant is engaged in a wrongful, deliberate and systematic campaign to obtain title to the Property at any cost. The Movant has engaged in numerous affirmative acts that can only be seen as intended to thwart, impede, impair and defeat the Debtor's ability to refinance the Property and pay its creditors in full.

8.  Several months ago, Mr. Regensburg was pressured by Mr. Giordano to remit the sum of $ 13,000.00 to the Movant both to cover the cost of an appraisal and as a condition of stopping a prior foreclosure sale by the Movant. Mr. Regensburg promptly wired funds in that amount to the Movant, even though the cost of a commercial appraisal was typically less than $ 5,000.00. According to Mr. Regensburg, neither he nor the Debtor were ever provided with an actual copy of such an appraisal.

9.  Even more distressing, the Movant wrongfully, maliciously, willfully and deliberately interfered with a prior pending refinance application and, through its unlawful efforts, succeeded in persuading the prospective lender to decline the Debtor's refinance application. In May of 2019, a loan application was made to 5 Arch Funding Corp. through Joon Chun, a loan broker. Mr. Regensburg received and accepted a Letter of Intent from 5 Arch. Thereafter, Mr. Regensburg was advised by Mr. Chun that 5 Arch would not extend the loan because Mr. Giordano had contacted them, stating that the appraisal referred to above showed that the Debtor's real property *"was worth no more than 2 million"* or words to that effect. Two days after Mr. Regensburg confronted Mr. Giordano regarding this incident, an unknown man purporting to be an appraiser burst into the Debtor's premises, quickly snapped several photographs and hurriedly departed.

10. The proverbial "11th Hour" filing herein, which the Debtor authorized in good faith,  was occasioned solely as a result of the Movant's deliberate, obstinate and persistent refusal to cooperate in effectuating the refinance transaction, both by affording the Debtor a short period of additional time in which to consummate the refinance transaction and by impeding the Debtor's efforts. As stated earlier, a refinance of the Debtor's real property would result in full repayment to the Debtor's secured creditors.

11. In connection with the most recent proposed refinance transaction, an arm's length appraisal of the property was prepared by Elite Commercial Property Appraisals on December 16, 2019 which values the Property at $ 2,850,000.00. This appraisal was commissioned by the prospective lender and not by Mr. Regensburg or the Debtor. A copy of that appraisal is annexed to this Affirmation as Exhibit A.

12. Based upon the conflicting information that was provided to the Debtor by the Movant over the preceding year, the Debtor, in good faith, scheduled the secured interest herein of Harrison Vickers & Waterman LLC, the first mortgagee, at $ 1,250,000.00. Based upon the sworn Affidavit of its President, James Giordano, which is dated November 22, 2019, this secured creditor asserts that its claim is *"...approximately $ 1,050,000.00."* [see Giordano Affidavit, paragraph 27]. Thus, the Debtor, in good faith, has over-valued the claim by approximately $ 200,000.00.

13. The Debtor's good faith reason for over-valuation of this claim has its basis within the contents of an e-mail that was sent by James Giordano of Harrison Vickers & Waterman LLC to KP Visions on January 19, 2019 at 12:38 p.m. This e-mail was in response to a request for a payoff amount together with some negotiation thereon. Mr. Giordano stated, in pertinent part, that *"I did an off the cuff accounting of what our accrued claim should be presently including all the expense we have incurred. This number is around $1,1250,000 [sic]."* This "payoff" amount from over eleven months ago, when juxtaposed with Mr. Giordano's sworn statement that the present payoff is *"...approximately $1,050,000.00"* and when viewed in light of the Movant's affirmative acts in interfering with the Debtor's efforts to refinance certainly casts rather serious doubt upon both the credibility and the motivation of the Movant herein.

14. There is a second mortgage lien against the Property, held by World Business Lenders, with an approximate balance due of $ 500,000.00. This creditor has been fully cooperative with the Debtor with respect to the Debtor's prospective refinance.

15. Finally, there is a judgment lien, which is subordinate to the two mortgage liens, in favor of Swezey Fuel Co., Inc. which was originally docketed in the amount of $ 722,000.00. The Debtor has been making periodic payments thereon and there is a remaining balance due of approximately $ 390,000.00. This secured creditor too has been fully cooperative with the Debtor with respect to the Debtor's prospective refinance.

16. Taken together, the aggregate balance due upon the liens that encumber the Property total approximately $ 1,940,000.00, which leaves a substantial equity of redemption in the Property of approximately $ 910,000.00.

17. It is clear from the foregoing that the Debtor possesses substantial equity of redemption in the Property, well above and in excess of the liens that are extant. This equity of redemption constitutes adequate protection for all of the secured creditors as that term is contemplated by 11 USC § 361.

18. Upon consummation of the proposed refinance transaction with the resulting payment in full to the creditors of the Debtor, the objective of the filing would be fulfilled and the Debtor herein would apply to this Court for dismissal of the Petition.

19. Should this Court grant the Movant's application, the Debtor will permanently and needlessly lose a valuable asset and only one of its debts will be satisfied.  Moreover, such an action would, in effect, reward the Movant's wrongful conduct.  This would be severely inequitable and would work an unduly harsh result upon the Debtor and its remaining creditors.

20. In conclusion, the Debtor has filed this Petition in good faith, there is substantial equity of redemption in the Debtor's sole asset, all of the creditors of the Debtor are adequately protected and the motion should be denied in its entirety.

Dated: December 17, 2019
Melville, New York

JEFFREY ARLEN SPINNER, ESQ. (JS2178)
Attorney For Debtor
35 Pinelawn Road
Suite 106E
Melville, New York 11747-3100
Tel.(203) 570-6676
E Mail: retjcc@gmail.com